IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
FOR McHENRY COUNTY, ILLINOIS

Katherine M. Keefe
Clerk of the Circuit Court
\*\*\*\*Electronically Filed\*\*\*\*
Transaction ID: 1711179076
17AR000147
05/15/2017
McHenry County, Illinois
22nd Judicial Circuit
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMBER SHAHID and MOHAMMED HASSAN, *Plaintiffs*, v. CROSSROADS REAL ESTATE PARTNERS, LLC, successor by merger to SVN CROSSROADS MANAGEMENT, LLC, *Defendant*. | Case No. 17AR000147<br><br>Amount Claimed: Between $10,000 and $50,000. |

## COMPLAINT

The Plaintiffs, AMBER SHAHID and MOHAMMED HASSAN, individually and by their attorneys, Dickson Law Group, LLC, complaining of the Defendant, CROSSROADS REAL ESTATE PARTNERS, LLC, successor by merger to SVN CROSSROADS MANAGEMENT, LLC, state and allege:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by the Plaintiffs, AMBER SHAHID and MOHAMMED HASSAN, against the Defendant, CROSSROADS REAL ESTATE PARTNERS, LLC, an Illinois limited-liability company, for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This action further prays for actual and punitive damages pursuant to the Collection Agency Act, 225 ILCS 425/1, *et seq.* (the "ICAA").



EXHIBIT 1

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause pursuant to article VI, section 9, of the Illinois Constitution, which grants original jurisdiction of all justiciable matters to the circuit courts, except where the Supreme Court has original and exclusive jurisdiction. The Supreme Court does not have original and exclusive jurisdiction over the subject matter of this lawsuit. Further, this Court has concurrent jurisdiction over Plaintiffs' federal-law claims. "An action to enforce any liability created by this title may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction." 5 U.S.C. § 1692k(d).

3. Venue is proper in the Twenty-Second Judicial Circuit Court pursuant to Section 2-101 of the Code of Civil Procedure for the following reasons:

    A. Defendant, being a private corporation, is a resident of McHenry County, Illinois because it does business in McHenry County, Illinois—to wit: it serves or previously served as the property manager for the building located at 3530 Waukegan Road, in the City of McHenry, County of McHenry, and State of Illinois; and

    B. One of the transactions underlying this lawsuit is a separate lawsuit and the collection activities associated therewith, captioned *SVN Crossroads Management, LLC v. Shahid, et al.*, McHenry County case number 16 SC 1030, which pended in this Court (the "Prior Lawsuit").

2

## III. PARTIES

4.     Plaintiff, AMBER SHAHID, is a natural person and a resident of the State of Illinois.

5.     Plaintiff, MOHAMMED HASSAN, is a natural person and a resident of the State of Illinois.

6.     Upon information and belief, the Defendant, CROSSROADS REAL ESTATE PARTNERS, LLC, is an Illinois limited-liability company engaged in the business of collecting debts in this state, with its principal place of business located at 1300 East Woodfield Road, Suite 150 in the Village of Schaumburg, County of Cook, and State of Illinois.

7.     Upon information and belief, the Defendant, CROSSROADS REAL ESTATE PARTNERS, LLC, is the successor by merger to SVN CROSSROADS MANAGEMENT, LLC, which was an Illinois limited-liability company, by virtue of Articles of Amendment filed with the Illinois Secretary of State on or about May 3, 2016.

8.     Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

9.     The debt that Defendant was or is attempting to collect is an alleged obligation of a consumer to pay money arising out of a lease for residential property for the premises with a common address of 3530 Waukegan Road, Unit 402 in the City of McHenry, County of McHenry, and State of Illinois (the "Premises"). The Premises, being a residence, and the lease associated with the Premises, was primarily for personal, family, or household purposes.

3

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debts, contacted Plaintiff, threatened to take legal action against the Plaintiff, and in fact filed the Prior Lawsuit.

11. Defendant has no standing to commence legal proceedings on behalf of the creditor, and in fact, this Court dismissed the Prior Lawsuit for Defendant's lack of standing on January 20, 2017. In the Prior Lawsuit, the Court held that the debts Defendant attempted to collect were debts that may be owed to 1110 GREEN, LLC, an Illinois limited-liability company, but in any event were debts that were not owed to Defendant.

12. Defendant is a debt collection company, and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

13. The Illinois Collection Agency Act prohibits persons or entities from practicing as a collection agency in the State of Illinois without a collection agency license, with some limited exceptions. *See* 225 ILCS 425/1, *et seq.*

14. The Illinois Collection Agency Act excludes from its application real estate brokers when acting in the pursuit of their profession. 225 ILCS 425/2.03.

15. Defendant, CROSSROADS REAL ESTATE PARTNERS, LLC, on information and belief is a licensed real estate limited-liability firm with the Illinois Department of Financial and Professional Regulation, and has been so licensed since on or about March 15, 2013.

16. Defendant's predecessor, SVN CROSSROADS MANAGEMENT, LLC, however, on information and belief has never been licensed in any capacity by the Illinois Department of Financial and Professional Regulation, including at all times relevant to this Complaint.

4

Received 05-15-2017 04:09 PM / Circuit Clerk Accepted on 05-16-2017 12:24 PM / Transaction #1711179076 / Case #17AR000147
Page 4 of 11

17. The representations made to Plaintiffs by Defendant's predecessor regarding its ability to initiate legal proceedings were false.

18. Within one (1) year preceding the date of this Complaint, Defendant, in connection with collection of the alleged debt, contacted Plaintiffs by telephone and mail demanding payment of debts to it.

19. The natural consequences of Defendant's statements, actions, and the filing of the Prior Lawsuit were to unjustly condemn and vilify Plaintiffs for the non-payment of the alleged debts.

20. The natural consequences of Defendant's statements, actions, and the filing of the Prior Lawsuit, were to produce and unpleasant and hostile situation between Plaintiffs and Defendant.

21. The natural consequences of Defendant's statements, actions, and the filing of the Prior Lawsuit, were to cause Plaintiffs mental distress with physical manifestations of said mental distress.

22. Defendant utilized unfair and unconscionable means to collect on Plaintiffs' alleged debt by lying to and misleading Plaintiffs that they properly owed the alleged debts to Defendants.

5

Received 05-15-2017 04:09 PM / Circuit Clerk Accepted on 05-16-2017 12:24 PM / Transaction #17111179076 / Case #17AR000147
Page 5 of 11

## V. COUNT 1: VIOLATIONS OF FDCPA

1-22.   Plaintiffs incorporate by reference, as though those allegations were fully set forth herein, the allegations of Paragraphs 1 through 22, inclusive, of this Complaint.

23.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    A.   Defendant violated § 1692d of the FDCPA by engaging in conduct, the natural consequences of which was to harass, oppress, or abuse any person in connection with the collection of an alleged debt by sending collection letters to Defendants and filing the Prior Lawsuit;

    B.   Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations in connection with the collection of any debt, namely the representations made in the Prior Lawsuit that Plaintiffs owe the alleged debt to Defendant;

    C.   Defendant violated § 1692e(2) of the FDCPA by using the false representation of the legal status of the alleged debt as being owed to Defendant;

    D.   Defendant violated § 1692e(2) of the FDCPA by praying for attorney fees not properly owed to it in the Complaint for the Prior Lawsuit;

    E.   Defendant violated § 1692e(5) of the FDCPA by threatening to take action which it could not legally take—i.e. filing the Prior Lawsuit;

    F.   Defendant violated § 1692e(10) of the FDCPA by using false representations and deceptive means to collect or attempt to collect the alleged debts—i.e. by filing the Prior Lawsuit;

6

G. Defendant violated § 1692e(14) of the FDCPA by filing suit under the name SVN CROSSROADS MANAGEMENT, LLC in the Prior Lawsuit, and proceeding in the Prior Lawsuit under said name, and not by using Defendant's true name, CROSSROADS REAL ESTATE PARTNERS, LLC; and

H. Defendant violated § 1692f(1) of the FDCPA by attempting to collect expenses and charges for damages to the Premises in the Prior Lawsuit that are correctly legally characterized as ordinary wear and tear, not reimbursable to Defendant or the true owner of the alleged underlying debts.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debts.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, the Plaintiffs, AMBER SHAHID and MOHAMMED HASSAN, respectfully request that judgment be entered against the Defendant, CROSSROADS MANAGEMENT PARTNERS, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k of the FDCPA;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k of the FDCPA; and

E. For such other and further relief as the Court deems just and proper.

7

Received 05-15-2017 04:09 PM / Circuit Clerk Accepted on 05-16-2017 12:24 PM / Transaction #1711179076 / Case #17AR000147
Page 7 of 11

## VI. COUNT 2: VIOLATIONS OF THE ICAA

1-22. Plaintiffs incorporate by reference, as though those allegations were fully set forth herein, the allegations of Paragraphs 1 through 22, inclusive, of this Complaint.

23. Although the statutory text of the Illinois Collection Agency Act does not create a private cause of action for violations of the ICAA, our courts have construed the ICAA to imply a private cause of action permitting both actual damages and punitive damages for its violation *See Sherman v. Field Clinic*, 74 Ill.App.3d 21 (1st Dist. 1979).

24. Defendant's predecessor, SVN CROSSROADS MANAGEMENT, LLC, was a collection agency as is defined by the ICAA. Section 2 of the ICAA defines a "collection agency" as "means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in the collection of a debt." 224 ILCS 425/2. SVN CROSSROADS MANAGEMENT, LLC was a "person" under the act because the act defines "person" to include limited-liability companies. *See id.* SVN CROSSROADS MANAGEMENT, LLC regularly, on behalf of itself or others, engaged in the collection of debts. For example, from January 9, 2015 through May 16, 2016, SVN CROSSROADS MANAGEMENT, LLC filed five (5) breach of contract cases and two (2) eviction cases (which included a prayer for back rent) in the Twenty-Second Judicial Circuit Court.

25. The ICAA contains another definition of "collection agency," which SVN CROSSROADS MANAGEMENT, LLC also met. Section 3 of the ICAA provides that "A person acts as a collection agency when he, she, or it engages in the business of collection for others of any account, bill, or other debt." 225 ILCS 425/3. Between January 1, 2015 and May 16, 2016, SVN CROSSROADS MANAGEMENT, LLC filed seven (7) lawsuits seeking to collect the debts of

8

another in the Circuit Court of the Twenty-Second Judicial Circuit for McHenry County, Illinois, said cases bearing case numbers 15-LM-34, 15-LM-216, 15-SC-2623, 16-SC-45, 16-SC-138, 16-AR-91, and 16-SC-1030 (collectively, the "Collection Lawsuits").

26. Upon information and belief, SVN CROSSROADS MANAGEMENT, LLC was never registered as a collection agency with the Illinois Department of Financial and Professional Regulation.

27. Upon information and belief, SVN CROSSROADS MANAGEMENT, LLC was never registered as a real estate broker or other associated category of real estate professional by the Illinois Department of Financial and Professional Regulation.

28. Plaintiffs have suffered actual damages as a result of Defendant's conduct including, but not limited to, having to pay an appearance fee in the Prior Lawsuit, incurring legal fees to successfully defend the prior lawsuit, damage to their credit ratings, mental anguish and emotional distress, and by suffering physical ailments and incurring medical expenses caused by the distress associated with Defendant's conduct.

29. The Collection Lawsuits demonstrate that SVN CROSSROADS MANAGEMENT, LLC had the pattern and practice to systematically, willfully, and repeatedly violate the ICAA.

30. Defendant, in filing the Prior Lawsuit, acted willfully or with such gross negligence as to indicate a disregard of the rights of Plaintiffs. On October 11, 2016, Plaintiffs filed a Motion to Dismiss in the Prior Lawsuit that put Defendant on notice that it lacked standing to sue for the debts allegedly owed 1110 GREEN, LLC and that it was in violation of the ICAA. Instead of taking immediate remedial action, Defendant continued to vigorously defend the

9

Received 05-15-2017 04:09 PM / Circuit Clerk Accepted on 05-16-2017 12:24 PM / Transaction #1711179076 / Case #17AR000147
Page 9 of 11

Motion to Dismiss in the Prior Lawsuit, dragging the case out for three (3) additional months, causing Plaintiffs to further incur attorney fees.

WHEREFORE, the Plaintiffs, AMBER SHAHID and MOHAMMED HASSAN, respectfully request that judgment be entered against the Defendant, CROSSROADS MANAGEMENT PARTNERS, LLC, for the following:

A.    Their actual damages including, but without limitation, their filing fee and attorney fees for the Prior Lawsuit, and their medical bills for ailments caused by Defendant's conduct;

B.    Their actual damages for mental and emotional distress;

C.    Their actual damages to their credit ratings;

D.    Punitive damages, in an amount not to exceed $50,000.00; and

E.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

AMBER SHAHID and
MOHAMMED HASSAN

By: /s/ *John P. Dickson*
Their attorney

John P. Dickson (6303179)
DICKSON LAW GROUP, LLC
4 East Terra Cotta Avenue
Crystal Lake, Illinois 60014
(815) 317-5193 tel
(815) 317-5194 fax
john@dicksonlawgroup.com

10

## RULE 222(B) AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiffs herein does not exceed $50,000.00, but does exceed $10,000.00.

By: /s/ *John P. Dickson*
Attorney

John P. Dickson (6303179)
DICKSON LAW GROUP, LLC
4 East Terra Cotta Avenue
Crystal Lake, Illinois 60014
(815) 317-5193 tel
(815) 317-5194 fax
john@dicksonlawgroup.com

11

12/11/2017                                    LLC - File Detail Report

# OFFICE OF THE ILLINOIS SECRETARY OF STATE

## JESSE WHITE
### SECRETARY OF STATE

## LLC FILE DETAIL REPORT

| Field | Value | Field | Value |
|---|---|---|---|
| File Number | 03944654 | | |
| Entity Name | CROSSROADS REAL ESTATE PARTNERS, LLC | | |
| Status | ACTIVE | On | 05/16/2017 |
| Entity Type | LLC | Type of LLC | Foreign |
| File Date | 06/15/2012 | Jurisdiction | DE |
| Agent Name | ILLINOIS CORPORATION SERVICE C | Agent Change Date | 06/15/2012 |
| Agent Street Address | 801 ADLAI STEVENSON DRIVE | Principal Office | 1300 E WOODFIELD RD STE 150 SCHAUMBURG, IL 60173 |
| Agent City | SPRINGFIELD | Managers | View |
| Agent Zip | 62703 | Duration | PERPETUAL |
| Annual Report Filing Date | 05/16/2017 | For Year | 2017 |
| Assumed Name | ACTIVE - CROSSROADS PARTNERS<br>INACTIVE - SVN CROSSROADS PROPERTY MANAGEMENT | | |
| Old LLC Name | 05/03/2016 - SVN CROSSROADS MANAGEMENT, LLC | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Select Certificate of Good Standing for Purchase
(One Certificate per Transaction)

**OTHER SERVICES**

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

*SUMMONS - Action for $10,000.01 - $50,000.00*

IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

AMBER SHAHID and
MOHAMMED HASSAN
Plaintiff(s)
vs.
CROSSROADS REAL ESTATE
PARTNERS, LLC
Defendant(s)

THIS IS AN ARBITRATION CASE
Case Number 17 AR 147
Amount Claimed $ 49,999.99

# ALIAS ARBITRATION SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to appear before this Court at the McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, Room 202 at 9:00 a..m., on December 22, 20 17 to answer the complaint in this case, a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the Officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than 3 days before the day of appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 3 days before the day of appearance.

DATE 12/11/2017 Electronically Issued 17111120249

By: PAB

Plaintiff's attorney or plaintiff if he is not represented by an attorney
Name John P. Dickson
Attorney for Plaintiffs
Address 4 East Terra Cotta Avenue
City, State Zip Crystal Lake, Illinois 60014
Telephone 815-317-5193

DECEMBER 12, 2017
M.L.

CV-SUM1: Revised 01/01/2016

IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

Plaintiff: Amber Halud, et al.

vs

Defendant: Crossroads Real Estate Partners, LLC

McHenry County, Illinois
DEC 22 2017
KATHERINE M. KEEFE
Clerk of the Circuit Court

Case Number 17 AR 147

Circuit Clerk Use Only
___ ORD
___ ORDJ
___ ORDDWP

# ORDER

☑ Plaintiff(s) appear in person/by attorney Dickson
☑ Defendant(s) appear in person/by attorney Polsley/Clausen Miller
☐ Summons not served; alias summons to issue; return date _____, 20___
☐ Summons has been properly served on Defendant(s)_____
☐ Defendant(s) appear and admit liability. Judgment for Plaintiff(s) against Defendant(s) for $_____,
plus interest of $_____ plus attorney fees of $_____ for a total of $_____ plus court costs.
☐ Defendant(s), having failed to appear or otherwise respond to the summons, is found in default. Judgment for
Plaintiff(s) against Defendant(s) for $_____, plus interest of $_____
plus attorney fees of $_____ for a total of $_____ plus court costs.
☑ Case set for ☐ trial ☑ arbitration on 3-23, 20 18 at 9:00 A.m. in Courtroom ___
☑ Defendant(s) shall file an Appearance within 7 days of today's date, or without further Notice to
Defendant(s), the trial date will be stricken and a judgment by default will be entered against Defendant(s) and in
favor of Plaintiff(s).
**NOTICE TO DEFENDANT(S): THIS IS THE ONLY NOTICE YOU WILL RECEIVE OF THE TRIAL,
OR ARBITRATION DATE AND YOUR OBLIGATION TO FILE AN APPEARANCE.**
☑ Defendant(s) shall file an answer or other pleading within 28 days of today's date.
☐ This case is continued on Motion of ☐ Plaintiff; ☐ Defendant; ☐ By Agreement; ☐ Court;
to _____, 20___ at _____, ___ m. for _____.
☐ Case called, Plaintiff(s) fail to appear. Case dismissed for Plaintiff's failure to prosecute.
☐ Case dismissed with/without prejudice on Plaintiff's motion.
☐ After trial of this case, the Court enters a Judgment for Plaintiff(s) against Defendant(s) for $_____,
plus interest of $_____ plus attorney fees of $_____ for a total of $_____ plus court costs.
☐ After trial of this case, the Court enters a Judgment for Defendant(s) against Plaintiff(s).
☐ **COURT FURTHER ORDERS:** _____

Date: December 22, 2017

_____
Judge

CV-ORD13: Revised 10/01/08